## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ALMONN R. WARDRETT, #1566840,

        Petitioner,

v.                                                 Action No. 2:18cv637

HAROLD W. CLARKE,
Director, Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on Almonn R. Wardrett's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 14, be **GRANTED,** and that the petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.      STATEMENT OF THE CASE

Almonn R. Wardrett ("Wardrett") is an inmate currently housed with the Virginia Department of Corrections. ECF No. 1 at 1. After a bench trial in the Circuit Court for the City of Newport News, Wardrett was convicted on January 28, 2015, of two counts of possession of a controlled substance, two counts of possession of a firearm while possessing drugs, and two counts

of possession of a firearm by a convicted felon. *Id.* at 1–2; ECF No. 16-1. These convictions derive from two separate incidents, on April 18, 2013 and June 4, 2014. ECF No. 1-1 at 3. Wardrett is challenging only the convictions related to the April 18, 2013 incident, one count of possession of a controlled substance, one count of possession of a firearm while possessing drugs, and one count of possession of a firearm by a convicted felon. ECF No. 1-1 at 3. For those three convictions, Wardrett was sentenced on April 16, 2015, to 13 years imprisonment with 6 years suspended. *Commonwealth v. Wardrett*, Nos. 00112-15, 00113-15, 00114-15 (Va. Cir. Apr. 16, 2015); ECF No. 1-1 at 3–4.

The Court of Appeals of Virginia denied Wardrett's appeal, challenging the sufficiency of the evidence proving possession of firearms and drugs, on September 23, 2015. ECF No. 16-3. The Supreme Court of Virginia refused Wardrett's appeal on June 2, 2016. ECF No. 16-4.

Wardrett filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on January 10, 2018, raising the same claims raised in his federal petition. ECF No. 16-5. The Supreme Court of Virginia dismissed the petition on August 23, 2018. ECF No. 16-7.

Wardrett timely placed the pending federal petition for a writ of habeas corpus in the prison mailing system on November 15, 2018. ECF No. 1 at 15. Wardrett presents the following grounds for relief:

(I)     The petitioner's convictions were obtained in direct violation of the petitioner's Fourteenth Amendment constitutional rights as the trial court lacked territorial jurisdiction in which to hear and try the petitioner's case;

(II)    The trial court violated the petitioner's Sixth and Fourteenth Amendment confrontation clause rights by admitting hearsay testimony regarding an alleged confidential informant and where the petitioner was prejudiced as a result;

2

(III)   The petitioner's right to protection from unlawful search and seizure was violated by law enforcement and where the evidence derived there form [sic] was subject to suppression and where the trial court erred in admission of such evidence prejudicing the petitioner as a result;

(IV)   The evidence at trial was constitutionally and legally insufficient to support the petitioner's convictions and sentences where the Commonwealth's evidence was inherently incredible and internally inconsistent;

(V)   The petitioner received constitutionally deficient assistance of trial counsel and where their [sic] was no reasonable basis for counsels' failure and where the petitioner was prejudiced as a result;

   (a)   Trial counsel failed to cause the testimony of the Petitioner's preliminary hearing to be transcribed for purposes of impeachment;

   (b)   Trial counsel failed to object to the Trial Court's lack of territorial jurisdiction to try, convict, and sentence the Petitioner;

   (c)   Trial counsel failed to object to hearsay testimony regarding an alleged confidential informant and the corresponding Confrontation Clause violation; and,

   (d)   Trial counsel failed to move to suppress evidence illegally obtained in violation of the Petitioner's Fourteen[th] Amendment right.

ECF No. 1 at 5–11.

On April 2, 2019, respondent filed an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and a motion to dismiss the petition, along with a supporting memorandum. ECF Nos. 14–16. Wardrett did not file a response to the motion to dismiss. [1]

---

[1] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing Wardrett with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 17.

3

## II.   ANALYSIS

**A.   Wardrett is not entitled to habeas relief on his four ineffective assistance of counsel claims, grounds V(a) through V(d), which were addressed on the merits in his state habeas appeal.**

When a claim has been properly exhausted and adjudicated on the merits in state court, this Court assesses the state court adjudication pursuant to 28 U.S.C. § 2254(d), rather than reviewing the merits of such a claim *de novo*. Section 2254(d) provides that a federal court may not grant relief on any claim that was adjudicated on its merits in state court, unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established federal law when a state court applies a rule different from the governing law articulated by the United States Supreme Court or arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citation omitted); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Williams*, 529 U.S. at 413; *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that an unreasonable "application of clearly established law must be objectively unreasonable," rather than simply "incorrect or erroneous"). Stated differently, a "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

4

comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

"For a state court's factual determination to be unreasonable under [section] 2254(d)(2), it must be more than merely incorrect or erroneous. It must be sufficiently against the weight of the evidence that it is objectively unreasonable." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010) (citations omitted). Pursuant to this deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

To review a claim of ineffective assistance of counsel, the Court must apply "a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quotation omitted). The applicable standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687–700 (1984), requires a petitioner to show that his defense counsel provided assistance that (1) fell below an objective standard of reasonableness, and (2) prejudiced petitioner as a result. To establish that counsel's performance fell below an objective standard of reasonableness, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [the] defendant by the Sixth Amendment." *Id.* at 687. In doing so, petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).

To establish prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This requires petitioner to establish "probability sufficient to undermine confidence in the outcome," rather than a mere showing that "the errors had some

5

conceivable effect on the outcome of the proceeding." *Id.* at 693–94. A federal habeas court need not address both cause and prejudice if the petitioner makes an insufficient showing on either one. *Id.* at 697. Because Wardrett presents these claims in a section 2254 petition, he must show that the state court's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard, or was predicated upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

### 1.    Ground V(a) – Counsel's failure to transcribe the preliminary hearing

In ground V(a), Wardrett asserts he was denied effective assistance of counsel due to his trial counsel's failure to have the preliminary hearing transcribed. ECF No. 1 at 11, ECF No. 1-1 at 18–19. The Supreme Court of Virginia found that Wardrett's claim did not satisfy the performance or prejudice prongs of *Strickland*, stating:

> Although "a transcript of the preliminary hearing may be an effective tool for cross-examining and impeaching witnesses at trial," *Lebedun v. Commonwealth*, 27 Va. App. 697, 713, 501 S.E.2d 427, 435 (1998), a defendant does not possess an absolute right to have preliminary hearing testimony reduced to writing. *Id.* at 713–14, 501 S.E.2d at 434–35; *see also* Code § 19.2-185 (court "may order the testimony of the witnesses at the preliminary hearing reduced to writing"). Petitioner does not proffer the preliminary hearing testimony counsel should have exploited, articulate in what way this unspecified preliminary hearing testimony contradicted testimony delivered at trial, or allege the result at trial would have been different had counsel sought to reduce the preliminary hearing testimony to writing. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

ECF No. 16-7 at 6–7.

In support of his federal claim of ineffective assistance due to his counsel's failure to transcribe the preliminary hearing, Wardrett offers the conclusory argument that "the testimony provided by law enforcement was inherently incredible, internally inconsistent, and unsubstantiated," and "had the police testimony at the preliminary hearing been recorded, he would

6

have prevailed on his motion to strike the evidence against him or would have had his convictions overturned on direct appeal." ECF No. 1-1 at 18.   In his federal petition, as in his state petition, Wardrett does not proffer any preliminary hearing testimony that could have been used by trial counsel to cross-examine or impeach a witness; does not indicate the trial testimony he contends was incredible, inconsistent, or unsubstantiated; and has not explained how the result of his trial would have been different through counsel's use of a preliminary hearing transcript.

The testimony of the trial witnesses regarding Wardrett's April 18, 2013 encounter with police was consistent, and described the following:   (1) police received information from a confidential informant including Wardrett's name, his description, his location, and that he was involved in criminal activity (selling illegal substances, and possibly carrying a firearm), Trial Tr. 55–56, 62–63, 67, 93–94; (2) when police arrived at the location, a convenience store, Wardrett fled, Trial Tr. 57, 64, 67–68, 94; (3) while fleeing police, Wardrett withdrew a firearm from his waistband and threw the firearm on top of a building where it was later recovered, Trial Tr. 57, 68–70, 84–85, 94–95; (4) after police caught up to Wardrett, a search of Wardrett revealed that he may have been concealing a plastic bag in his rectum, Trial Tr. 58–59, 85; (5) a body cavity search conducted at a hospital after obtaining a search warrant resulted in the doctor withdrawing a plastic baggie from Wardrett's rectum, Trial Tr. 59, 86, 95–96; (6) following testing, the substance contained in the plastic baggie was identified as crack cocaine, Trial Tr. 89, 99, 103–04; and (7) after receiving *Miranda* warnings, Wardrett stated to police at the hospital that "a dude" gave him the firearm, he carried the firearm because "It's hard out here," and he put "one rock" of "crack" in his rectum when the police "pulled up," Trial Tr. 87–89.   Wardrett has not shown how the witnesses, who testified consistently with regard to the above information, could have been impeached with a transcript from his preliminary hearing.

7

The Supreme Court of Virginia's dismissal of Wardrett's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of, the *Strickland* standard, and was not predicated upon an unreasonable determination of the facts in light of the evidence presented. Therefore, Wardrett's ground V(a), asserting his counsel was ineffective for failing to have his preliminary hearing transcribed, should be **DISMISSED**.

### 2.      Ground V(b) – Counsel's failure to object to the trial court's jurisdiction

In ground V(b), Wardrett asserts he was denied effective assistance of counsel due to counsel's failure to object to the trial court's lack of territorial jurisdiction. ECF No. 1 at 11, ECF No. 1-1 at 19. Wardrett references the related claim in ground one where he argued that the crime took place in Hampton, and not Newport News. ECF No. 1-1 at 10–11, 19. The Supreme Court of Virginia found that this claim did not satisfy either prong of the *Strickland* test, stating:

> "[T]he prosecution of a criminal case shall be had in the county or city in which the offense was committed." Code § 19.2-244. The record, including the trial transcript, demonstrates the Newport News police received a tip from a confidential informant on April 18, 2013, indicating petitioner was selling cocaine and marijuana and possibly concealing a firearm at an intersection in Newport News. Petitioner fled when the police arrived, and the pursuing officers saw petitioner pull out a handgun from underneath his waistband and discard it. Petitioner crossed the border between Newport News and Hampton by about twenty-five yards before the police apprehended him. The police recovered the gun from where petitioner abandoned it and obtained a warrant for a body cavity search after an officer felt what appeared to be the knotted end of a plastic bag protruding from petitioner's rectum during a search incident to arrest. The body cavity search occurred at a Newport News hospital, and the police recovered cocaine from petitioner pursuant to the warrant.
>
> . . . .
>
> Based on the evidence showing petitioner simultaneously possessed illegal drugs and a firearm in Newport News on April 18, 2013 and April [sic] 4, 2014, counsel could reasonably have determined the Circuit Court of the City of Newport News was an appropriate venue to hear the charges stemming from those offenses. *See Williams v. Commonwealth*, 289 Va. 326, 336, 771 S.E.2d 675, 680 (2015) (holding the evidence must raise a "strong presumption" the offenses occurred within the court's territorial jurisdiction). Although petitioner's flight on April 18, 2013, led him into Hampton, petitioner remained within the territorial jurisdiction of the Circuit Court of the City of Newport News. Code § 16.1-123.1(2)(b) (courts have jurisdiction to handle matters occurring within one mile of the locality's boundary line); *see also* Code § 19.2-

250(A). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

ECF No. 16-7 at 1–3.

Virginia Code § 19.2-250(A) provides that courts have jurisdiction to handle matters occurring within one mile of the locality's boundary line. The trial testimony established that when the officers attempted to approach Wardrett in the City of Newport News, he fled on foot across the city boundary into Hampton. Trial Tr. 71, 90, 98. Three officers were questioned about the distance into Hampton that Wardrett ran before he was arrested, and the officers approximated the distance as 20 to 25 yards, 50 to 100 feet, and within 1/10 of a mile, respectively. *Id.* Each of these estimates is well within one-mile of the boundary line of Newport News. As a result, the Circuit Court for the City of Newport News had jurisdiction over the crime, and venue was proper. *See* Va. Code Ann. § 19.2-250(A) ("the jurisdiction of the corporate authorities of each town or city, in criminal cases involving offenses against the Commonwealth, shall extend within the Commonwealth one mile beyond the corporate limits of such town or city"). The argument that the trial court lacked jurisdiction and venue is without merit. Accordingly, Wardrett's claim that trial counsel was ineffective for failing to make such an argument must fail and Wardrett's ground V(b) should be **DISMISSED**.

### 3.    Ground V(c) – Counsel's failure to object to hearsay testimony

In ground V(c), Wardrett asserts he was denied effective assistance of counsel due to his trial counsel's failure to object to hearsay testimony regarding a confidential informant, and failure to challenge the Confrontation Clause violation resulting from his inability to cross-examine the confidential informant. ECF No. 1 at 11, ECF No. 1-1 at 19. Specifically, Wardrett argues his counsel was ineffective for failing to challenge "repeated statements of hearsay relative to the testimony of alleged statements made by the CI," and the "Confrontation Clause violation resulting from the Commonwealth's refusal to produce the CI for cross-examination." ECF No. 1-1 at 19.

9

During Wardrett's trial, two officers testified regarding the information provided by a confidential informant that caused the officers to travel to the convenience store where they encountered Wardrett on the day of the offense. Officer Davidson testified as follows:

> I initially received a call from a certified confidential informant stating that there was an individual that he knew by the name of Almonn Wardrett that was in the area of 76th Street and Mytilene Drive selling cocaine and marijuana and was possibly concealing a firearm. . . . He was a black male wearing a white T-shirt, shorts and a New York baseball cap.

Trial Tr. 55–56. Detective Gault also testified that, "while riding double with Officer Davidson," Officer Davidson advised that he had received a phone call from a confidential informant with information about an individual who "was supposed to be in possession of a firearm and narcotics." Trial Tr. 93–94. Following this testimony, both officers proceeded to describe what occurred when they arrived on the scene and encountered Wardrett. Trial Tr. 56–57, 94–96.

The Supreme Court of Virginia denied Wardrett's claim that counsel was ineffective for failing to object to Officer Davidson's testimony describing the informant's tip, stating:

> "The Confrontation Clause prohibits an out-of-court statement only if it is admitted for its truth." *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016) (per curiam); *see also* Rule 2:801(c) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *see also Fuller v. Commonwealth*, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960) (explaining a statement is not hearsay if "offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made"). Counsel could reasonably have determined the Commonwealth offered Davidson's testimony describing the informant's tip for the non-hearsay purpose of explaining why the police encountered petitioner, not to prove petitioner possessed a gun and illegal drugs. Counsel therefore could reasonably have deemed a Confrontation Clause or hearsay objection futile. *See Correll v. Commonwealth*, 232 Va. 454, 469-70, 352 S.E.2d 352, 360 (1987). Moreover, the record, including the trial transcript, demonstrates police officers saw petitioner discard a gun he had concealed under his waistband, recovered the gun from the place petitioner abandoned it, and then seized cocaine from petitioner pursuant to the body cavity search warrant. *See United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) ("If the evidence upon

which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual."). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

ECF No. 16-7 at 5–6.

The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." U.S. Const. amend. VI. Both state and federal criminal defendants have the right of confrontation. *See Quinn v. Haynes*, 234 F.3d 837, 847 (4th Cir. 2000) (citing *Pointer v. Texas*, 380 U.S. 400, 403 (1965)). "[T]he main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974)). The Confrontation Clause, however, "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). *See also Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

In response to counsel's asking how they first came into contact with Wardrett, two officers testified regarding the information provided by the confidential informant. Trial Tr. 55, 93. This tip from an informant explained why the officers proceeded to the convenience store. As the Supreme Court of Virginia found when addressing Wardrett's state petition, counsel could have reasonably determined that an objection would be futile because the officers' testimony was offered for explaining why they proceeded to the convenience store, not as evidence that Wardrett possessed narcotics and a firearm. Moreover, in a bench trial, little risk exists that a trial judge would misuse the testimony about the confidential informant's statements for improper evidentiary purposes.

Even if counsel's failure to object were determined to fall below an objective standard of reasonableness, Wardrett cannot show prejudice. As discussed above, the evidence at Wardrett's trial showed multiple officers witnessed Wardrett flee when he saw police, withdraw a firearm from his waistband and throw it on top of a building where it was later recovered, have a substance testing positive for cocaine extracted from his rectum during a body cavity search, and admit to possessing the firearm and narcotics. The government did not need to produce the confidential informant at Wardrett's trial because the firearm and narcotics were recovered by the officers who were present and testified. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) ("If the evidence upon which a defendant is convicted was secured personally by government agents who testified, the government is not required to produce the cooperating individual.").

Moreover, excluding any information offered by the confidential informant, the evidence presented at trial overwhelmingly showed that Wardrett possessed a firearm and narcotics. Wardrett cannot demonstrate a reasonable probability that, but for counsel's failure to object to testimony regarding the information provided by a confidential informant, the outcome of his bench trial would have been different. Accordingly, ground V(c) should be **DISMISSED**.

### 4.    Ground V(d) – Counsel's failure to move to suppress evidence

In ground V(d), Wardrett asserts he was denied effective assistance due to his counsel's failure to move to suppress the firearm and narcotics obtained in violation of Wardrett's Fourteenth Amendment rights. ECF No. 1 at 11; ECF No. 1-1 at 19–20. Wardrett argues "that had counsel been observing appropriate professional norms or exercising sound judgment a motion to suppress would have been filed, and either the Commonwealth would have dropped the charges, reduced the charges, or offered Wardrett a substantially preferable plea agreement." ECF No. 1-1 at 20.

Wardrett proffers no basis for filing a motion to suppress in the section of his petition outlining his ineffective assistance of counsel claim; however, he does proffer such argument in support of ground III, alleging the trial court erred in admitting evidence obtained during an unlawful search and seizure. *Id.* at 13–14, 19–20. In ground III, Wardrett argues "law enforcement's presence at the . . . convenience store on April 18, 2013, was allegedly contributed to an unidentified and to date unknown" confidential informant; no independent testimony or evidence was offered to "verify that the supposed tip" was actually made; that with "no recorded basis for the initial approach and attempted detention, the detention itself was unlawful;" and "the search of Wardrett and the evidence seized as a result of that search was clearly subject to suppression." ECF No. 1-1 at 13–14.

The Supreme Court of Virginia dismissed Wardrett's ineffective assistance of counsel claim, stating:

> Petitioner fails to proffer specific arguments counsel should have raised in support of a motion to suppress or explain in what respect he was arrested unlawfully. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

ECF No. 16-7 at 8.

The Fourth Amendment protects citizens from "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. "The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." *United States v. Mendenhall*, 446 U.S. 544, 553–54 (1980) (quoting *United States v. Martinez-Fuerte*, 428 U.S. 543, 554 (1976)) (internal quotation marks omitted). "[T]he touchstone of the Fourth Amendment is reasonableness." *Ohio v. Robinette*, 519 U.S. 33, 39 (1996) (quoting *Florida v. Jimeno*, 500

13

U.S. 248, 250 (1991)) (internal quotation marks omitted).

> The Fourth Amendment permits brief investigative stops . . . when a law
> enforcement officer has a particularized and objective basis for suspecting the
> particular person stopped of criminal activity. The reasonable suspicion necessary
> to justify such a stop is dependent upon both the content of information possessed
> by police and its degree of reliability. The standard takes into account the totality
> of the circumstances—the whole picture. Although a mere hunch does not create
> reasonable suspicion, the level of suspicion the standard requires is considerably
> less than proof of wrongdoing by a preponderance of the evidence, and obviously
> less than is necessary for probable cause.

*Navarette v. California*, 572 U.S. 393, 396–97 (2014) (citations and quotations omitted). Pursuant

to the exclusionary rule, "evidence obtained in violation of the Fourth Amendment cannot be used

in a criminal proceeding against the victim of [an] illegal search and seizure." *United States v.*

*Calandra,* 414 U.S. 338, 347 (1974).

The record does not support Wardrett's argument that his counsel was ineffective for

failing to file a motion to suppress the narcotics and firearm, because Wardrett's Fourth

Amendment rights were not violated and a motion to suppress would have been denied. In

*Navarette*, the Supreme Court found an anonymous tip called into 911 sufficient to form a

reasonable suspicion of criminal activity (DUI) based, in part, on the following factors: (1) the

caller claimed eyewitness knowledge of dangerous driving; (2) police were able to find and stop

the vehicle 18 minutes after the call; (3) use of the 911 emergency system meant police could

verify the caller's number and location; and (4) the tip, that the vehicle had run the caller off the

road, was sufficient to form a reasonable suspicion of drunk driving. 572 U.S. at 399–402. The

record shows the information provided to officers about Wardrett was even more reliable than the

information provided to the officers in *Navarette*. The confidential informant providing

information about Wardrett was known to the officers, and not anonymous. The informant

provided the officers with Wardrett's name, a description of his clothing (including the type of

baseball hat he was wearing), his location (at a particular convenience store), that he was selling narcotics, and that he may possess a firearm. Officers drove to the convenience store where they encountered Wardrett, who met the description given by the confidential informant.

After the officers pulled up, and before they approached him, Wardrett fled. "As a general matter, law enforcement officers do not effectuate a detention or seizure merely by approaching individuals on the street or in other public places and putting questions to them." *United States v. Jones*, 678 F.3d 293, 299 (4th Cir. 2012) (quoting *United States v. Drayton*, 536 U.S. 194, 200 (2002). Further, Wardrett's flight created a reasonable suspicion for the officers to pursue and detain him. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) (holding "[h]eadlong flight—wherever it occurs—is the consummate act of evasion" creating a reasonable suspicion of criminal activity).

While running from the officers, Wardrett pulled a firearm from his waistband and threw the firearm onto a building, where the officers recovered it. Wardrett abandoned the firearm when he threw it. As a result, the firearm "was not the fruit of a seizure," and would not have been excluded if his counsel had filed a motion to suppress. *California v. Hodari D.,* 499 U.S. 621, 629 (1991) (holding motion to exclude was properly denied where defendant abandoned cocaine while the defendant was running from police officers); *United States v. Stevenson,* 396 F.3d 538, 546 (4th Cir. 2005) ("When a person voluntarily abandons his privacy interest in property, his subjective expectation of privacy becomes unreasonable, and he is precluded from seeking to suppress evidence seized from it."). After detaining Wardrett, the officers obtained a warrant to have a body cavity search performed, which resulted in the recovery of crack cocaine. The record does not support a basis for granting a motion to suppress the narcotics.

Because a motion to suppress would not have been successful, the Court cannot find that Wardrett's counsel was objectively unreasonable for failing to file the motion, or that the failure to file the motion adversely affected the outcome of Wardrett's case. Therefore, Wardrett's ground V(d), alleging that counsel was ineffective for failing to file a motion to suppress the firearm and narcotics, should be **DISMISSED**.

## B.   Wardrett's grounds I, II, and IV are procedurally defaulted.

Due to Wardrett's failure to comply with state procedural rules, the Supreme Court of Virginia refused to address the merits of the claims raised in grounds I, II, and IV of Wardrett's federal petition, and those grounds are procedurally defaulted. The procedural default doctrine provides, "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). "In general, 'a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000)). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule is independent "if it does not depend on a federal constitutional ruling." *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In ground I, Wardrett argues that the trial court lacked territorial jurisdiction to preside over his trial resulting in convictions obtained in violation of the Fourteenth Amendment. ECF No. 1

at 5. Specifically, Wardrett argues that the crimes took place in Hampton, and not Newport News where he was convicted and sentenced. ECF No. 1-1 at 10–11. The Supreme Court of Virginia held that the question raised was one of venue and not jurisdiction. ECF No. 16-7 at 3. Consequently, because Wardrett could have raised the non-jurisdictional issue at trial or on direct appeal and did not do so, the claim was barred. *Id.* (citing *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). In *Slayton*, the Supreme Court of Virginia held that, because "the original function of the writ of habeas corpus was to provide an inquiry into jurisdictional defects," when a prisoner was "afforded a fair and full opportunity to raise" a non-jurisdictional issue at trial or on direct appeal, such an issue is not cognizable on a petition for a writ of habeas corpus. 205 S.E. 2d at 682. In short, "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." *Id.* The Fourth Circuit has repeatedly held that the procedural default rule announced in *Slayton* constitutes an adequate and independent state law ground for decision. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997). Therefore, ground I is procedurally defaulted.

In ground II, Wardrett alleges the trial court violated his Sixth and Fourteenth Amendment Confrontation Clause rights by admitting hearsay testimony regarding a confidential informant. ECF No. 1 at 6. Wardrett asserts that three witnesses testified about statements made to law enforcement by an unidentified confidential informant, and that these statements were the catalyst for the police's interaction with Wardrett. ECF No. 1-1 at 12–13. In addressing this claim, the Supreme Court of Virginia similarly held that, because Wardrett could have raised the issue at trial or on direct appeal and did not do so, the claim was barred. ECF No. 16-7 at 7 (citing *Slayton*, 205 S.E.2d at 682). Accordingly, ground II is procedurally defaulted.

In ground IV, Wardrett alleges the evidence was insufficient to prove beyond a reasonable

17

doubt that he possessed cocaine and a firearm, because the testimony was "inherently incredible and internally inconsistent" and "riddled with hearsay and speculation." ECF No. 1 at 10, ECF No. 1-1 at 16–17. Wardrett argued on direct appeal that the evidence was insufficient to prove he possessed cocaine and a firearm because the officers' testimony was not credible. ECF No. 16-3 at 1. The Court of Appeals of Virginia denied Wardrett's petition for appeal, because his assignment of error was barred by the contemporaneous objection rule, Rule 5A:18. *Id.* at 1–2. Virginia Supreme Court Rule 5A:18 is an independent and adequate state ground for denying relief. *Olajuwon v. Johnson*, No. 3:08cv268, 2009 WL 2434882, at *4 (E.D. Va. Aug. 6, 2009) ("Rule 5A:18 constitutes an adequate and independent ground for denying a claim.") (citing *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000)). Accordingly, Wardrett's ground IV is procedurally defaulted.

A petitioner may overcome procedural default and obtain federal merits review, however, if he can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750, and *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). To show cause to excuse a procedural default, a petitioner must establish that some "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see Coleman*, 501 U.S. at 753 (noting that a factor external to the defense is one that "cannot fairly be attributed to" the prisoner). Wardrett has not alleged cause and prejudice for the default or that he is actually innocent of the offense, and has not demonstrated that failure to review his claims will result in a fundamental miscarriage of justice. *See generally* ECF Nos. 1, 1-1. Accordingly, grounds I, II, and IV should be **DISMISSED** as procedurally defaulted.

18

**C.    Wardrett's ground III, alleging illegal search and seizure, is barred from consideration by *Stone v. Powell*.**

In ground III, Wardrett asserts that his Fourth Amendment right to be free from unconstitutional search was violated and that the evidence seized as a result of that search should have been suppressed. ECF No. 1 at 8, ECF No. 1-1 at 13–14.   In *Stone v. Powell,* 428 U.S. 465, 494 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at . . . trial."  When addressing Fourth Amendment claims presented in a petition for a writ of habeas corpus, a federal district court should "first inquire as to whether or not the petitioner was afforded an [o]pportunity to raise his Fourth Amendment claims under the then existing state practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir.1978).  The Fourth Circuit has held that the right to a trial coupled with the right to seek an appeal provided under Virginia law satisfies the "fair opportunity" requirement of *Stone v. Powell. DiPaola v. Riddle*, 581 F.2d 1111 (4th Cir. 1978); *Doleman v. Muncy*, 579 F.2d 1258 (4th Cir. 1978).  "[T]he burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the [r]easons he has, and [t]he facts in support thereof, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims." *Doleman*, 579 F. 2d  at 1266.

Wardrett fails to allege or demonstrate that he did not receive a full and fair opportunity to litigate his Fourth Amendment claims.  Accordingly, ground III should be **DISMISSED** as barred by *Stone v. Powell*.

### III.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 14, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 10 , 2019

20

### Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was

mailed this date to:

> Almonn R. Wardrett, #1566840
> Halifax Correctional Unit
> P.O. Box 1789
> Halifax, VA  24558

Fernando Galindo, Clerk

By_____

Deputy Clerk

_October 10_ , 2019

21